UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Randy Bartsch and Edward S. Christian, and their successors, as Trustees of the Dakotas Areawide IBEW-NECA Savings & Retirement Plan and Trust,<br><br>    Plaintiffs,<br><br>vs.<br><br>The Lincoln National Life Insurance Company,<br><br>    Defendant. | Civil File No. _____<br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their complaint against Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs Randy Bartsch and Edward S. Christian, and any subsequently appointed successor(s), are Trustees of the Dakotas Areawide IBEW-NECA Savings & Retirement Plan and Trust ("Plan"). The Plan is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Plan is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA") and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2. Plaintiffs named in this action, and any subsequently appointed successors, are fiduciaries under ERISA Section 3(21), 29 U.S.C. § 1002(21) for the Plan.

3. Defendant The Lincoln National Life Insurance Company ("LNLI") is one of the oldest stock insurance companies in the United States. It is domiciled in Fort Wayne,

Indiana. It is an affiliate of the Lincoln National Corporation and operates under the marketing name of Lincoln Financial Group. It is licensed as an insurance company in numerous states, including North Dakota.

4. This is an action to obtain appropriate equitable relief, to obtain specific performance, or to enjoin certain acts and practices which violate the terms to the Plan and ERISA, and to obtain equitable relief, such as disgorgement or restitution, in relation to certain plan assets held and controlled by LNLI pursuant to ERISA § 502, 29 U.S.C. § 1132. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 409, 29 U.S.C. § 1109. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5. The Plan is administered in Fargo, North Dakota and therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTUAL BACKGROUND

6. The Plan is a profit-sharing retirement plan with an irrevocable trust established for the purpose of administering, holding and investing assets for the exclusive benefit of participants and beneficiaries of the trust who will receive retiree benefits.

7. The Plan's participants may direct the investment of assets allocated to the participant's accounts within the Plan. A Plan participant could elect to invest funds allocated to the participant's account into a life insurance policy.

8. Nine (9) participants in the Plan elected to invest in life insurance policies

issued by LNLI. Each such participant is the named insured on the policy. The Plan is the owner of the policy.

9. The Plan, therefore, owns a total of nine (9) life insurance policies insured by LNLI on the lives of nine (9) of participants in the Plan. The nine (9) life insurance policies are plan assets and are part of the corpus of its trust.

10. In the Plan's Form 5500, the Plan lists LNLI as a provider of life insurance benefits to the Plan.

11. Each LNLI policy provides a death benefit in the event of the participant's death. The death benefit may be paid to the Plan, as the owner of the policy, and allocated to the insured participant's account for distribution to the participant's beneficiaries. In the alternative, the Plan Trustees may authorize LNLI to directly distribute the death benefit to the deceased participant's beneficiaries as a distribution from the Plan.

12. Prior to the insured participant's death, each LNLI policy provides that it may be surrendered for a cash value payable to the Plan as the owner of the policy. Any cash surrender amount would be placed in the insured participant's Plan account in accordance with the Plan's governing documents.

13. Prior to the insured participant's death, each LNLI policy may be transferred in kind from the Plan to the participant upon the direction of the Plan's Trustees. A transfer in kind is treated as a distribution from the Plan in accordance with the Plan's governing documents.

14. LNLI issues and controls the life insurance policies and, to the extent LNLI operates outside the direction of the Plan's Trustees, LNLI exercises discretionary authority or discretionary control over those plan assets.

15. The Plan is operated by a Board of Trustees, which according to the Plan documents has full authority to administer, control and monitor the Plan's trust, including investing funds, holding investments and liquidating investments. The Trustees are further authorized to hire and employ persons to assist them in operating the Plan, including in a fiduciary as well as ministerial capacity.

16. The Board of Trustees determined it wanted to eliminate the Plan's investments in life insurance policies. The Board of Trustees directed its contract administrator, Blue Cross Blue Shield of North Dakota ("BCBS-ND"), to take steps to either surrender the life insurance policies for cash to be deposited in the insured participant's account or to transfer the life insurance policies in kind to the insured participant as a distribution from the Plan.

17. In early 2020, BCBS-ND started the process of submitting forms on behalf of the Plan to LNLI to effectuate surrendering life insurance policies for cash or transferring the policies in kind.

18. LNLI refused to process the requests of BCBS-ND, which were made on behalf of the Plan.

19. In communications between BCBS-ND and LNLI, LNLI refused to offer assistance to process the requests or state reasons for denying the requests.

20. The Plan Trustees then authorized its legal counsel, with the assistance of BCBS-ND, to demand the cash surrender of seven (7) policies and the transfer of two (2)

policies, and further authorized legal counsel to bring a lawsuit if the demand was not honored.  This direction was intended to eliminate all of the Plan's investments and holdings in LNLI-issued life insurance.

21. Legal counsel sent a letter to LNLI on or about January 29, 2021 detailing the Plan Trustees' decision to eliminate the Plan's investment in LNLI life insurance policies and demanding the cash surrender or transfer of the policies.

22. LNLI never responded to the Plan's Legal Counsel's demand for the cash surrender of the life insurance policies and the demand to transfer two of those policies in kind.

23. The cash surrender value of life insurance policy decreases with each month that goes by from date of the request of the surrender.

24. LNLI has refused to transfer plan assets under its control, contrary to the direction and demand of the Trustees of the Plan.  LNLI has a duty to follow the direction of the Plan Trustees under the governing Plan documents and as the owner of the policies.

25. The Plan has continued to pay LNLI premiums for the policies.  The premium payments by the Plan would have ceased if the Plan's directions had been followed.

## COUNT 1
## BREACH OF FIDUCIARY DUTY

26. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 25.

27. LNLI is a fiduciary of the Plan by virtue of its discretionary authority or discretionary control over plan assets under ERISA § 3(21)(A); 29 U.S.C. § 1002 (21)(A).

28. LNLI has refused to honor the instruction of the Plan's Trustees to surrender seven (7) life insurance policies for their cash value and to transfer two (2) of the life insurance policies in kind to the named insured participant.

29. LNLI's conduct breaches its fiduciary duty to the Plan to act with the care, skill, prudence and diligence under ERISA §.404; 29 U.S.C. § 1104.

30. LNLI had a duty, as a reasonable possessor of ERISA-plan assets, to assist, guide, complete and honor the instructions of the Plan's Trustees to surrender or transfer the life insurance policies.

31. LNLI's conduct is a self-dealing prohibited transaction under ERISA § 406(b); 29 U.S.C. § 1106(b).

32. Pursuant to ERISA §§ 502(a)(2) and 409; 29 U.S.C. §§ 1132(a)(2) and 1109, LNLI is liable to the Plan for its breach, must disgorge the cash surrender value of the policies from the time the initial requests were made, must restore to the Plan any profits it made through the use of the Plan assets, should restore any lost value for neglecting the cash surrender value directions and should transfer the two policies in kind to the insured plan participants.

33. Pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), LNLI may also be required to pay Plaintiffs their reasonable attorney fees and costs incurred in this action.

## COUNT II
## ERISA SECTION 502(a)(3)

34. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 33.

35. The Plan's Trustees are authorized by the Plan documents to direct the Plan's investments. The Trustees may direct the elimination of a certain investment in

the Plan. LNLI is required to follow the directions of the Trustees under the Plan documents and the insurance policies.

36. Pursuant to ERISA §§ 502(a)(3); 29 U.S.C. §§ 1132(a)(3), LNLI should be ordered to follow the direction of the Trustees, it should surrender seven (7) of the policies for cash value, it should transfer the other two (2) policies in kind to the insured plan participants, it should make full restitution to the Plan and it should restore any lost value or any premiums paid in constructive trust.

37. Pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), LNLI may also be required to pay Plaintiffs their reasonable attorney fees and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant The Lincoln National Life Insurance Company, as follows:

1. For a judgment in the amount equal to the cash surrender value of the seven (7) policies, plus any lost cash surrender value due to the delay in processing the surrender direction; plus reimbursement of premiums paid on the policies;

2. For an order directing the transfer of two of the life insurance policies to the named insured participant;

3. For any other equitable relief deemed appropriate, including imposing a constructive trust, ordering disgorgement, ordering restitution or ordering of specific performance;

4. For an award of costs, disbursements and attorney fees according to law.

5. For such other and future relief as the Court deems proper.

Respectfully submitted,

**KUTAK ROCK LLP**

Dated: April 30, 2021

By: *s/ Ruth S. Marcott*
Ruth S. Marcott (MN#176825)
Amanda R. Cefalu (MN#309436)
Nathan T. Boone (MN#398989)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
PH: 612-334-5000
FX: 612-334-5050
ruth.marcott@kutakrock.com
amanda.cefalu@kutakrock.com
nathan.boone@kutakrock.com

4814-8809-4695.2