UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Randy Bartsch and Edward S. Christian, and their successors, as Trustees of the Dakotas Areawide IBEW-NECA Savings & Retirement Plan and Trust,<br><br>              Plaintiffs,<br><br>vs.<br><br>The Lincoln National Life Insurance Company,<br><br>              Defendant. | Civil File No. 21-cv-100-PDW-ARS<br><br><br><br>**<u>AMENDED COMPLAINT</u>** |

Plaintiffs, for their amended complaint against Defendant, state and allege as follows:

**<u>IDENTITY OF PARTIES, JURISDICTION, VENUE</u>**

1. Plaintiffs Randy Bartsch and Edward S. Christian, and any subsequently appointed successor(s), are Trustees of the Dakotas Areawide IBEW-NECA Savings & Retirement Plan and Trust ("Plan"). The Plan is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Plan is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, *et seq.* ("ERISA") and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2. Plaintiffs named in this action, and any subsequently appointed successors, are fiduciaries under ERISA Section 3(21), 29 U.S.C. § 1002(21) for the Plan.

3.      Defendant The Lincoln National Life Insurance Company ("LNLI") is one of the oldest stock insurance companies in the United States. It is domiciled in Fort Wayne, Indiana. It is an affiliate of the Lincoln National Corporation and operates under the marketing name of Lincoln Financial Group. It is licensed as an insurance company in numerous states, including North Dakota.

4.      This is an action to enjoin certain acts and practices which violate the terms to the Plan and ERISA and to obtain equitable relief, such as disgorgement, rescission, restitution or specific performance, in relation to certain plan assets held and controlled by LNLI pursuant to ERISA § 502, 29 U.S.C. § 1132. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 409, 29 U.S.C. § 1109. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5.      The Plan is administered in Fargo, North Dakota and therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTUAL BACKGROUND

6.      The Plan is a profit-sharing retirement plan with an irrevocable trust established for the purpose of administering, holding and investing assets for the exclusive benefit of participants and beneficiaries of the trust who will receive retiree benefits.

7. The Plan's participants may direct the investment of assets allocated to the participant's accounts within the Plan. A Plan participant could elect to invest funds allocated to the participant's account into a life insurance policy.

8. Nine (9) participants in the Plan elected to invest in life insurance policies issued by LNLI. Each such participant is the named insured on the policy. The Plan is the owner of the policy.

9. The Plan, therefore, owns a total of nine (9) life insurance policies insured by LNLI on the lives of nine (9) of participants in the Plan. The nine (9) life insurance policies are plan assets and are part of the corpus of its trust.

10. In the Plan's Form 5500, the Plan lists LNLI as a provider of life insurance benefits to the Plan.

11. Each LNLI policy provides a death benefit in the event of the participant's death. The death benefit may be paid to the Plan, as the owner of the policy, and allocated to the insured participant's account for distribution to the participant's beneficiaries. In the alternative, the Plan Trustees may authorize LNLI to directly distribute the death benefit to the deceased participant's beneficiaries as a distribution from the Plan.

12. Prior to the insured participant's death, each LNLI policy provides that it may be surrendered for a cash value payable to the Plan as the owner of the policy. Any cash surrender amount would be placed in the insured participant's Plan account in accordance with the Plan's governing documents.

13. Prior to the insured participant's death, each LNLI policy may be transferred in kind from the Plan to the participant upon the direction of the Plan's Trustees. A transfer

3

in kind is treated as a distribution from the Plan in accordance with the Plan's governing documents.

14. LNLI issues and controls the life insurance policies and, to the extent LNLI operates outside the direction of the Plan's Trustees, LNLI exercises discretionary authority or discretionary control over those plan assets.

15. LNLI acts as a custodian of these plan assets, acts as an administrator of the policies and provides services to the Plan.

16. The Plan is operated by a Board of Trustees, which according to the Plan documents has full authority to administer, control and monitor the Plan's trust, including investing funds, holding investments and liquidating investments. The Trustees are further authorized to hire and employ persons to assist them in operating the Plan, including in a fiduciary as well as ministerial capacity.

17. The Board of Trustees determined it wanted to eliminate the Plan's investments in life insurance policies. The Board of Trustees directed its contract administrator, Blue Cross Blue Shield of North Dakota ("BCBS-ND"), to take steps to either surrender the life insurance policies for cash to be deposited in the insured participant's account or to transfer the life insurance policies in kind to the insured participant as a distribution from the Plan.

18. In late 2019, BCBS-ND started the process of submitting forms on behalf of the Plan to LNLI to effectuate surrendering life insurance policies for cash or transferring the policies in kind.

19. LNLI refused to process the requests of BCBS-ND, which were made on behalf of the Plan.

20. In communications between BCBS-ND and LNLI, LNLI refused to offer assistance to process the requests or state reasons for denying the requests. Rather, LNLI would reject the request and provide no further guidance as to how to perfect the request. In addition, LNLI questioned BCBS-ND and the Plan's authority to submit the requests.

21. The Plan Trustees then authorized its legal counsel, with the assistance of BCBS-ND, to demand the cash surrender of seven (7) policies and the transfer of two (2) policies, and further authorized legal counsel to bring a lawsuit if the demand was not honored. This direction was intended to eliminate all of the Plan's investments and holdings in LNLI-issued life insurance.

22. Legal counsel sent a letter to LNLI on or about January 29, 2021 detailing the Plan Trustees' decision to eliminate the Plan's investment in LNLI life insurance policies and demanding the cash surrender or transfer of the policies.

23. LNLI never responded to the Plan's Legal Counsel's demand for the cash surrender of the life insurance policies and the demand to transfer two of those policies in kind.

24. The cash surrender value of life insurance policy decreases with each month that goes by from date of the request of the surrender.

25. LNLI has refused to transfer plan assets under its control, contrary to the direction and demand of the Trustees of the Plan. LNLI has a duty to follow the direction of the Plan Trustees under the governing Plan documents and as the owner of the policies.

4824-3028-9142.3

26. LNLI has obtained premiums for the policies in this time period. The premium payments by the Plan would have ceased if the Plan's directions had been followed.

27. LNLI has made profits on these policies.

28. In one instance, LNLI has claimed a life insurance policy's coverage has lapsed.

## COUNT 1
## BREACH OF FIDUCIARY DUTY

29. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 28.

30. LNLI is a fiduciary of the Plan by virtue of its discretionary authority or discretionary control over plan assets under ERISA § 3(21)(A); 29 U.S.C. § 1002 (21)(A).

31. LNLI has refused to honor the instruction of the Plan's Trustees to surrender life insurance policies for their cash value and to transfer other life insurance policies in kind to the named insured participant in a timely and efficient manner.

32. LNLI's conduct breaches its fiduciary duty to the Plan to act with the care, skill, prudence and diligence under ERISA §.404; 29 U.S.C. § 1104.

33. LNLI had a duty, as a reasonable possessor of ERISA-plan assets, to assist, guide, complete and honor the instructions of the Plan's Trustees to surrender or transfer the life insurance policies.

34. LNLI's conduct is a self-dealing prohibited transaction under ERISA § 406(b); 29 U.S.C. § 1106(b).

35. Pursuant to ERISA §§ 502(a)(2) and 409; 29 U.S.C. §§ 1132(a)(2) and 1109, LNLI is liable to the Plan for its breach, must disgorge the cash surrender value of

6

the policies from the time the initial requests were made, must disgorge and restore to the Plan any profits it made through the use of the Plan assets, should restore any lost value for neglecting the cash surrender value directions, should rescind any discontinuance or termination of a policy, and should transfer any policies in kind to the insured plan participants as such participants elect.

36.     Pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), LNLI may also be required to pay Plaintiffs their reasonable attorney fees and costs incurred in this action.

## COUNT 2
## PARTY-IN-INTEREST PROHIBITED TRANSACTIONS

37.     Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 36.

38.     LNLI is a party in interest of the Plan by virtue of being an administrator, custodian and service provider to the Plan as to the life insurance policies under ERISA § 3(14)(A) and (B); 29 U.S.C. § 1002 (14)(A) and (B).

39.     LNLI has refused to honor the instruction of the Plan's Trustees to surrender life insurance policies for their cash value and to transfer life insurance policies in kind to the named insured participant.

40.     LNLI had a duty, as a party in interest and as a reasonable possessor of ERISA-plan assets, to assist, guide, complete and honor the instructions of the Plan's Trustees to surrender or transfer the life insurance policies in a timely and efficient manner.

41.     LNLI's conduct is a party in interest prohibited transaction under ERISA § 406(a)(A)-(D); 29 U.S.C. § 1106(a)(A)-(D).

7

42. LNLI's conduct falls outside of any exemption for prohibited transactions, because it was untaken in direct contradiction of the Plan's instructions.

43. Pursuant to ERISA §§ 502(a)(3), 29 U.S.C. §§ 1132(a)(3), LNLI is liable to the Plan for its breach, must disgorge the cash surrender value of the policies from the time the initial requests were made, must disgorge and restore to the Plan any profits it made through the use of the Plan assets, should restore any lost value for neglecting the cash surrender value directions, should rescind any discontinuance or termination of a policy, and should transfer any policies in kind to the insured plan participants as such participants elect.

44. Pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), LNLI may also be required to pay Plaintiffs their reasonable attorney fees and costs incurred in this action.

## COUNT III
## ERISA SECTION 502(a)(3)

45. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 44.

46. The Plan's Trustees are authorized by the Plan documents to direct the Plan's investments. The Trustees may direct the elimination of a certain investment in the Plan. LNLI is required to follow the directions of the Trustees under the Plan documents and the insurance policies.

47. Pursuant to ERISA §§ 502(a)(3); 29 U.S.C. §§ 1132(a)(3), LNLI should be ordered to surrender for cash value or transfer policies in kind to the insured plan participants, it should make full restitution to the Plan, it should disgorge its profits from the policies, it should rescind any discontinuance or termination of a policy, it should restore any lost value or any premiums paid in constructive trust.

8

48. Pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), LNLI may also be required to pay Plaintiffs their reasonable attorney fees and costs incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant The Lincoln National Life Insurance Company, as follows:

1. For a judgment in the amount equal to the cash surrender value of the life insurance policies, plus any lost cash surrender value due to the delay in processing the surrender direction; plus reimbursement of premiums paid on the policies, plus any disgorgement of profits related to lose policies;

2. For an order directing the transfer of certain life insurance policies to the named insured participants;

3. For an order rescinding any discontinuance or termination of a policy,

4. For any other equitable relief deemed appropriate, including imposing a constructive trust, ordering disgorgement of profits, ordering restitution or ordering of specific performance;

5. For an award of costs, disbursements and attorney fees according to law.

6. For such other and future relief as the Court deems proper.

Respectfully submitted,

**KUTAK ROCK LLP**

Dated: August 11, 2021     By: *s/ Ruth S. Marcott*
Ruth S. Marcott (MN#176825)
Amanda R. Cefalu (MN#309436)
Nathan T. Boone (MN#398989)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
PH:  612-334-5000
FX:  612-334-5050
ruth.marcott@kutakrock.com
amanda.cefalu@kutakrock.com
nathan.boone@kutakrock.com

4824-3028-9142.3