UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

Randy Bartsch and Edward S. Christian, and their successors, as Trustees of the Dakotas Areawide IBEW-NECA Savings & Retirement Plan and Trust,

        Plaintiffs,

v.

Lincoln National Life Insurance Company,

        Defendant.

Case No. 3:21-cv-100

**STIPULATION FOR PROTECTIVE ORDER**

The parties to this action, via counsel, hereby stipulate and agree that disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulate to and petition the District Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties stipulate that the Court may enter the following Protective Order:

4820-7653-4772.3

1. **Definitions. As used in this protective order:**

    (a) "Attorneys" means counsel of record, attorneys or other legal professionals associated and/or working with their law firms, and in-house legal counsel for any party;

    (b) "Confidential Document" means a Document designated as Confidential in accordance with Section 2(a) of this Protective Order;

    (c) "Destroy" electronically stored information ("ESI") means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d) "Document" means information disclosed or produced in discovery, including at a deposition or through ESI;

    (e) "Notice" or "Notify" means written notice;

    (f) "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a Party or its Attorney;

    (g) "Party" means a party to this action; and

    hi) "Protected Document" means a Document protected by a privilege or the work-product doctrine.

2. **Designating a Document or Deposition as Confidential.**

    (a) A Party or non-party disclosing or producing a Document may designate it as Confidential if the Party or non-party contends that it contains

2

confidential, commercially sensitive, trade secrets, or proprietary information.

(b) A Party or non-party may designate a Document as Confidential by conspicuously marking each page with the word "Confidential."

(c) Deposition testimony may be designated as Confidential:

(1) on the record at the deposition; or

(2) after the deposition, by notifying the Parties and those who were present at the deposition within fourteen (14) days of receiving the transcript.

(d) If a witness is expected to testify as to confidential or proprietary information, a Party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Documents.

**3.  Who May Receive a Confidential Document.**

(a) A Confidential Document, along with the information contained therein, shall be used only in this action. Any other use is prohibited.

(b) No person receiving a Confidential Document may reveal it, except to:

(1) the Court and its staff;

(2) an Attorney or an Attorney's firm, partner, associate, staff, or Outside Vendors;

(3) a person shown on the face of the Confidential Document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action; and

(5) a Party, in the case of a corporate Party its current officers, and in the case of an ERISA plan party any functional plan employees who need access to the information designated as "Confidential" to perform their duties;

(c) A Party may supplement the "Confidential" mark (see paragraph 2(b)) with the words "Attorney's Eyes Only," in which case a Confidential Document so designated may not be revealed to another Party.

(d) If a Confidential Document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4.   Serving This Protective Order on a Non-Party.**

A Party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

**5.   Correcting an Error in Designation.**

A Party or non-party who discloses or produces a Confidential Document not designated as Confidential may, within seven (7) days after discovering the error, provide Notice of the error and produce a copy of the Document designated as Confidential.

**6.   Use of a Confidential Document in Court.**

(a) Filing: If a party seeks to file a Confidential Document, the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents, in accordance with the Administrative Policy Governing Electronic Filing and Service. If only portions of a Confidential Document contain sensitive information, and a party seeks to file the documents with the court, that party must (1) file a

motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredaccted copy of the document and a proposed redacted copy of the document. The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions.

(b) Presentation at a hearing or trial: A Party intending to present another Party's or a non-party's Confidential Document at a hearing or trial must promptly Notify the other Party or the non-party so that the other Party or the non-party may seek relief from the Court.

**7.     Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a Party: A Confidential Document disclosed or produced by a Party remains Confidential unless the Parties agree to change its designation or the Court orders otherwise.

(b) Document produced by a non-party: A Confidential Document produced by a non-party remains Confidential unless the non-party agrees to change its designation or the Court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by Court order: A Party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a Document produced by a non-party

5

then, with respect to the motion, that non-party is entitled to the same Notice and opportunity to be heard as a Party. The Party or non-party who designated a Document as Confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

   (a) Within 60 days after the termination of this action (including any appeals), each Party must:

   (1) Return or Destroy all Confidential Documents; and

   (2) Notify the disclosing or producing Party that it has returned or Destroyed all Confidential Documents within the 60-day period.

   (b) Notwithstanding paragraph 8(a), each Attorney may retain a copy of any Confidential Document submitted to the Court and all correspondence generated in connection with the action.

9. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

   (a) Notice.

   (1) A Party or non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly Notify the receiving Party and describe the basis of the claim of privilege or protection. The production of Protected Documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

    (2) A Party who discovers that it may have received an inadvertently disclosed or produced Protected Document must promptly Notify the disclosing or producing Party or non-party.

 (b) Handling of Protected Document. A Party who is Notified or discovers that it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.** **Security Precautions and Data Breaches**.

 (a) Each Party must make reasonable efforts to protect the Confidentiality of any Confidential Document disclosed or produced to that Party.

 (b) A Party who learns of a breach of Confidentiality must promptly Notify the disclosing or producing Party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11.** **Survival of Obligations.**

The obligations imposed by this Protective Order survive the termination of this action.

**KUTAK ROCK LLP**

Dated: August 16, 2021    By:    */s/ Ruth S. Marcott*
Ruth S. Marcott (MN#176825)
Amanda R. Cefalu (MN#309436)
Nathan T. Boone (MN#398989)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
PH: 612-334-5000
FX: 612-334-5050
ruth.marcott@kutakrock.com
amanda.cefalu@kutakrock.com
nathan.boone@kutakrock.com

Attorneys for Plaintiffs

**VOGEL LAW FIRM**

Dated: August 16, 2021    By:    */s/ Brent J. Edison*
Brent J. Edison (#04181)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
bedison@vogellaw.com
bjelitgroup@vogellaw.com

Attorneys for Defendant

4820-7653-4772.3